**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONISIO ISAIAS FUNES PEREZ<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-3839-BJC-DEB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On July 1, 2026, Petitioner Dionisio Isaias Funes Perez, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the United States Constitution.  ECF No. 1. Petitioner is a 27-year-old citizen of Guatemala who entered the United States on July 1, 2019, by crossing unlawfully at the border. ECF No. 1 at 7. Petitioner states he was fleeing violence and threats in Guatemala. *Id*. He was not apprehended when he arrived in the United States.  He has been regularly employed as a landscaper and has no criminal record. *Id*. On June 17, 2026, Petitioner was a passenger in a car on his way to work when DHS agents stopped the car and detained everyone, including Petitioner.  *Id.* Petitioner has been in custody since that time. *Id.*

Petitioner requests that this Court assume jurisdiction over the matter, grant the Petition, and order Respondents to order his immediate release or schedule a bond hearing

26-cv-3839-BJC-DEB

before an immigration judge. ECF No. 1 at 9. This Court set a briefing schedule and issued a limited stay. ECF No. 2.

Respondents filed a Return to the Petition on July 9, 2026, in which they claim that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), but based upon the allegations in the petition, Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). *Id.* at 2.

In his Traverse, Petitioner argues that immediate release is the appropriate remedy under the circumstances of this case because Petitioner has lived in the United States since he arrived in 2018, he has no criminal history, and he was detained while going to work for no apparent reason. ECF No. 5. He further contends that "there is a growing trend or realization that the bond proceedings at the Otay Mesa Immigration Court are not fair" therefore immediate release is the appropriate remedy here. ECF No. 5 at 2.

However, Petitioner cites no binding authority for the requested relief, and the district court cases he cites are not persuasive. For instance, in *Domingo v. Kaiser*, 2025 WL 1940179, *1 (N.D. Cal. July 14, 2025), a Guatemalan citizen entered the U.S. in 2003 seeking asylum and began litigating his immigration case at that time. When he was detained by ICE on April 22, 2013, he was released under bond, and when he appeared for a scheduled interview on July 14, 2025, he was again detained by ICE. *Id.* The Court found immediate release was appropriate because Petitioner had been on "longstanding release in [his] immigration proceedings" and no "re-deprivation hearing before a neutral decisionmaker" was held prior to detention. *Id.* at 4. Similarly, Petitioner cites *E.A.T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1318 (W.D. Wash. Aug. 19, 2025), where the petitioner was a Colombian citizen who entered the United States, was immediately taken into custody, and processed for removal proceedings by Border Patrol. The petitioner was released on an order of recognizance, began asylum proceedings, and was re-detained after appearing with counsel at a scheduled asylum hearing. *Id.* at 1319. Under those circumstances, the court granted the petition and ordered petitioner released. *Id.* at 1324. Likewise, Petitioner's reliance on *Jorge M.F. v. Jennings*, 534 F.3d 1050, 1052-53

26-cv-3839-BJC-DEB

(N.D.Cal. Apr. 14, 2021), is unavailing. In *Jorge M.F.*, the petitioner was detained after unlawfully entering the United States, was released on bond, and sought injunctive relief from the court to prevent his re-detention without a pre-detention hearing. The Court granted injunctive relief and enjoined Respondents from re-detaining petitioner without notice and a hearing. *Id.* at 1058.

The facts of the present case are markedly different because Petitioner was never in custody prior to the date of his June 17, 2026, arrest. Accordingly, the Court **GRANTS IN PART** the petition for a writ of habeas corpus.  Respondents shall hold a bond hearing **no later than July 24, 2026**, and cannot deny bond at the hearing based on § 1225. Respondents are enjoined from transferring Petitioner before a bond hearing takes place.

**IT IS SO ORDERED**.

Dated: July 13, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-3839-BJC-DEB